N.R. SMITH, Circuit Judge,
concurring in part and dissenting in part:
The majority may be correct that (1) given the language of the statute and (2) construing the facts in the light most favorable to the plaintiffs, Officer Prolo’s conduct violated a constitutional right. However, I respectfully dissent from their conclusion that the right was clearly established.
“[T]he right the official is alleged to have violated must have been ‘clearly established’ in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.” Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (internal quotation marks and citation omitted). Moreover, the test in Wallis v. Spencer, 202 F.3d 1126 (9th Cir.2000), “is flexible and must take into account the individual circumstances.” Burke v. County of Alameda, 586 F.3d 725, 733 (9th Cir.2009). Applying this standard to the alleged facts, the right Officer Prolo allegedly violated was not clearly established as of August 9, 2006.
The district court found that Officer Prolo acted with reasonable cause when he took emergency custody of the children from Mrs. Fredenburg. Although Wallis recognized that officials may remove children from their parents only with “reasonable cause to believe that the child is in imminent danger of serious bodily injury,” 202 F.3d at 1138, it did not clearly establish that, once children have already been lawfully removed from one parent, officers must investigate an absent parent to retain protective custody. It is undisputed that Mr. Fredenburg was not present when officers lawfully removed the children from their mother’s custody, and that the children were still in protective custody when Officer Prolo turned them over to child protective services. Given the flexible standard in Wallis, and taking into account these individual circumstances, “the law did not put [Officer Prolo] on notice that his conduct would be clearly unlawful[; therefore], summary judgment based on qualified immunity is appropriate.” Saucier, 533 U.S. at 202, 121 S.Ct. 2151.